6-Person Jury

aw Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
l other Law Division Initial Case Management Dates will be heard via Zoom
or more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
ourt Date: <<CmsHearingStart>>

FILED
11/1/2024 10:40 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012256
Calendar, Q
30032798

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**LAW DIVISION**

| | |
|---|---|
| STEPHEN SOMERS,<br>Plaintiff,<br><br>v.<br><br>KOENA-BEV HOLDINGS, INC., a Delaware corporation, Liran Reingold, individually, and Frank X Cid, individually,<br><br>Defendants. | **Jury Trial Demanded** |

## Complaint

Plaintiff Stephen Somers an individual, by and through his attorney, John M. Liston, for his Complaint against Defendants Koena-Bev Holdings, Inc, a Delaware corporation, Liran Reingold, individually, and Frank X Cid, individually, states the following:

## NATURE OF ACTION

1. This action is brought under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., and seeks further relief pursuant to the Attorney's Fees in Wage Actions Act, 705 ILCS 225/1.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this court pursuant to 735 ILCS 5/2-209 because (a) defendant committed a statutory breach within Illinois, and (b) defendant conducts business within Illinois.

3. Venue is proper in this Judicial Circuit pursuant to 735 ILCS 5/2-101 because the defendant is deemed to be a resident of this Judicial Circuit pursuant to 735 ILCS 5/2-102(a) since it maintains a registered office within this Judicial Circuit, and because the conduct complained of in this action occurred in this Judicial Circuit.

## PARTIES

4. Plaintiff Stephen Somers is an Illinois resident who resides in Chicago, Illinois, Illinois. Stephen

EXHIBIT A

Somers was an employee of Koena-Bev Holdings, Inc, for 92 days, from June 24, 2024, to September 23, 2024.

5. Defendant Koena-Bev Holdings, Inc, is a Delaware corporation and subject to the laws of Illinois. Defendant Koena-Bev Holdings, Inc., is currently has Plaintiff Stephen Somers listed as its registered agent in Illinois., and maintains a registered agent for purposes of accepting service of process at Plaintiff's home address.

6. Defendant Koena-Bev Holdings, Inc, is an "employer" within the meaning of the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 and 115/13.

7. Defendant Liran Reingold is the Chief Executive Officer of Yeyo Tequila, a subdivision of Defendant Koena-Bev Holdings, Inc. On information and belief, Defendant Liran Reingold is a resident of West Hills, California, and the conduct he engaged in relevant to this complaint occurred in Chicago, Illinois.

8. Defendant Frank X. Cid, on information and belief, is a the owner and majority shareholder of Defendant Koena-Bev Holdings, Inc., and was deeply involved in the operations of Yeyo Tequila. On information and belief, Defendant Cid X. Frank is a resident of Palm Spring, Florida, and the conduct he engaged in relevant to this complaint occurred in Chicago, Illinois.

## FACTS

9. Plaintiff Stephen Somers worked as a full-time employee of Defendant Koena-Bev Holdings, as Chief Executive Officer of Yeyo Tequila, a division of Defendant Koena-Bev Holdings,—from June 24, 2024, through September 23, 2024. Plaintiff worked for Defendant for 92 days.

10. At the time of Plaintiff Stephen Somers' termination, he accumulated approximately 20 hours of unused vacation pay. Defendant Koena-Bev Holdings was and is obligated to pay Plaintiff Stephen Somers for his unused vacation pay.

11. Plaintiff Stephen Somers's hourly gross income was $110.30. Thus, his 20 hours of unused vacation pay has the monetary equivalent of $2,206 (less appropriate withholdings, if any).

12. At the time of his termination, Plaintiff Stephen Somers was owed $4,332.08 in approved but unreimbursed business expenses.

13. Plaintiff Stephen Somers was terminated without cause on September 23, 2024, via a phone call at approximately 9:30 a.m Central time. Plaintiff Stephen Somers worked approximately 3 hours on that day prior to his termination.

14. Pursuant to Plaintiff Stephen Somers' Employment Agreement with Defendant Koena-Bev Holdings, attached as Exhibit A. Defendant Koena-Bev Holdings, Inc., was to receive equity in Defendant Koena-Bev Holdings and Plaintiff Stephen Somers a severance of 90 days wages, provided he was terminated without cause after 90 days of employment. See Exhibit A.

15. At all relevant times, Illinois has had in force a statute titled the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., which defines compensation to include the monetary equivalent of earned vacation and earned holidays.

16. Plaintiff Stephen Somers was an "employee" as defined in the Wage Payment and Collection Act, and Defendant Koena-Bev Holdings was an "employer" as defined in the Wage Payment and Collection Act. The cash value of Plaintiff Stephen Somers' unpaid but accrued vacation pay, approved but unreimbursed business expenses, vested equity, and severance constitutes "wages" and/or "final compensation" under the terms of the Illinois Wage Payment and Collection Act. As such, Plaintiff Stephen Somers is entitled to receive that amount from Defendant Koena-Bev Holdings.

17. The Illinois Wage Payment and Collection Act further mandates that every employer must pay the final compensation of separated employees in full at the time of separation, if possible, but in no case later than the next regularly scheduled pay day for such employee. 820 ILCS 115/5.

18. Defendant Koena-Bev Holdings did not pay Plaintiff Stephen Somers for the value of his accrued but unpaid vacation pay within the time period specified in 820 ILCS 115/5.

19. Following his termination from Defendant Koena-Bev Holdings, Plaintiff Stephen Somers demanded, in writing, that Defendant Koena-Bev Holdings pay him the cash value of his unused vacation pay, approved but unpaid business expenses, vested equity, and severance. Specifically, on October 22, 2024, counsel for Plaintiff attorneys wrote a letter to all Defendants outlining the basis for Plaintiff's claims claim and the precise amount sought to resolve these claims.

20. Defendants failed to respond to the letter from Plaintiff's counsel.

21. The Wage Payment and Collection Act states that deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) made by a municipality (under circumstances not applicable here); (6) made by a housing authority in a municipality (under circumstances not applicable here); or (7) the result of an excess payment made due to, but not limited to, a typographical or mathematical error made by a municipality. 820 ILCS 115/9.

22. Indeed, Defendant Koena-Bev Holdings was specifically notified by counsel for Plaintiff in his letter

of October 22, 2024r that the law does not allow Defendant Koena-Bev Holdings to withhold Plaintiff's final compensation.

23. Defendant Koena-Bev Holdings has no legal basis for its refusal to pay Plaintiff Stephen Somers the compensation he earned and which is due and owing to him by Defendant Koena-Bev Holdings.

24. Defendant Koena-Bev Holdings, Inc.'s refusal to pay Plaintiff Stephen Somers the amounts due and owing him is vexatious, harassing, and in bad faith.

24. Defendants Liran Reingold, and Frank X. Cid are officers or agents of Defendant Koena-Bev Holdings, Inc., who have knowingly permitted Defendant Koena-Bev Holdings, Inc., to violate the provisions of the Wage Payment and Collection Act. Defendants Liran Reingold, and Frank X. Cid are therefore personally liable for the amount Defendant Koena-Bev Holdings, Inc., has refused to pay Plaintiff Stephen Somers in violation of the Wage Payment and Collection Act.

25. Illinois has in force an act entitled Attorney's Fees in Wage Actions Act, 705 ILCS 225/1, which states in part that where an employee prevails in an action for wages earned, the court shall allow the plaintiff a reasonable attorney's fee.

26. Stephen Somers is entitled to attorney's fees and costs associated with this action pursuant to the Attorney's Fees in Wage Actions Act, 705 ILCS 225/1.

27. In addition to the amount of wages and/or final compensation Defendant Koena-Bev Holdings, Inc., owes Stephen Somers as a result of its failure to pay him for his accrued but unused vacation pay, severance, and approved but unreimbursed business expenses, as well as attorney's fees and costs incurred as a result of Defendant Koena-Bev Holdings, Inc.,'s actions Plaintiff Stephen Somers is also entitled to punitive damages in an amount in excess of $250,000 to be determined by the trier of fact because:

a. Defendants have knowingly and willfully refused to pay wages and/or final compensation which is due and owing to Plaintiff Stephen Somers in violation of the Illinois Wage Payment and Collection Act;

b. Violation of the Illinois Wage Payment and Collection Act is not only an intentional tort, but violation of that Act constitutes a criminal violation of the laws of this state as well, (820 ILCS 115/14); and

c. Defendants' refusal to pay Plaintiff Stephen Somers his rightful final compensation was and is a deliberate attempt to annoy, harass, oppress, and intimate Plaintiff Stephen Somers—who does not have the financial and legal resources that Defendant Koena-Bev Holdings , Inc., has at its

disposal—into abandoning a legal right which he has properly asserted (i.e. to be paid the compensation by his employer which, by all accounts, he has earned and which is due and owing pursuant to the Illinois Wage Payment and Collection Act).

28. This lawsuit was filed more than 10 days after Plaintiff Stephen Somers' written demand to Defendant Koena-Bev Holdings, Inc., for payment of the unused vacation pay, severance, and approved but unpaid business expenses that are due and owing to him, which written demand was sent on October 22, 2024.

WHEREFORE, Plaintiff Stephen Somers, prays that judgment be entered in his favor and against Defendants, Defendant Koena-Bev Holdings, Inc., Liran Reingold, and Frank X. Cid,, as described above, including the amount owed to Plaintiff Stephen Somers by Defendant Koena-Bev Holdings, Inc., for his severance, accrued but unpaid vacation time, and approved but unpaid business expenses, an award of attorney's fees, costs, prejudgment interest, punitive damages and such other relief as this court deems just.

Dated: *November 1, 2024*

*/s/ John M. Liston*

John M. Liston
Attorney for Plaintiff Stephen Somers
*john@listonlegal.com*
*847-528-5024*
*5901 W. Dempster Street, Suite 200*
*Morton Grove, IL 60053*

*[Attachment of exhibit]*

Exhibit A

YEYO TEQUILA

June 18, 2024

RE: LETTER OF OFFER OF EMPLOYMENT

Dear Steve Somers,

We are delighted to offer you the position of Chief Executive Officer with our organization. As a member of our team, we would ask for your commitment to deliver outstanding quality and results that exceed expectations. In addition, we expect your personal accountability in all your actions, and results that you provide as a representative of our organization. In return, we are committed to providing you with every opportunity to learn, grow and stretch to the highest level of your ability and potential.

We are confident that you will find this opportunity both challenging and rewarding. The following points outline the terms and conditions we are proposing:

1. Your responsibilities will be those outlined in the job description which will be provided to you on your start date.

2. This position is considered an exempt position for the purposes of federal wage-hour law, which means that you will be not be eligible for overtime pay for hours worked in excess of 40 hours in a given workweek. Performance reviews are conducted after 90 days and one year of employment. Performance review may lead to an increase in your compensation but is not a guarantee of an increase in compensation.

3. As an employee of Koena-Bev, LLC. you will be provided with a copy of the Company Employee Handbook and benefits summaries, which outline our personnel policies and benefits program. Please read these materials thoroughly sign, and return the "Employee Acknowledge Form" of the Employee Handbook. Any questions regarding Company Policy, benefits administration, or eligibility should be directed to Human Resources.

4. Your employment and compensation with Koena-Bev, LLC. are "at-will", meaning that either employer or the employee can terminate the employment relationship at any time and for any reason. The terms of this offer letter, therefore, so not and are not intended to create either an express and/or implied contract of employment with Koena-Bev, LLC.

5. The immigration Reform Act of 1986 requires that all employees provide proof of identity and eligibility to work in the United States. Please be prepared to provide appropriate documentation on your first day of employment in order to meet this requirement.

YEYO
TEQUILA

**Start Date**: June 24th, 2024

**Salary**: $225,000/year

**Salary Increases:** Salary adjustments will be in accordance with the schedule outlined below:

- $275,000 – 6 months after start date
- $325,000 – 12 months after start date

**Equity:** 5% equity stake is allocated to vest evenly over a three-year period. In the event of Koena-Bev's sale prior to the completion of the three-year term, full vesting will be accelerated. Vesting is set to commence on June 24, 2024, and will progress annually on the same date, contingent upon the continuity of the position.

**Bonus:** No bonuses are allocated for the initial year. A bonus structure will be reviewed as we transition into the second year.

**Severance:** The severance package will take effect 90 days after employment commences. In cases of termination without cause, a payout will be given. For non-fault-based releases, a 90-day payout will be provided.

**Exempt or Non-Exempt**: Exempt

**Report to**: Frank X. Cid **Title**: Owner

**Holiday Pay**: New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day.

**Benefits**: Employee benefits include Paid Time Off, with an accrual rate of 3.08 hours per pay period, equivalent to two weeks per year.

Congratulations! We hope your employment with Koena Bev, LLC. will prove mutually beneficial, and we look forward to having you join us.

Please indicate your understanding of the above terms and your acceptance of this offer by signing the attached page.

Sincerely,

Frank X. Cid
Owner
Koena-Bev, LLC.