22561/053525

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STEPHEN SOMERS,<br><br>Plaintiff,<br><br>v.<br><br>KOENA-BEV HOLDINGS, INC., a Delaware corporation, LIRAN REINGOLD, Individually, and FRANK X. CID, Individually,<br><br>Defendants. | No. 1:24-cv-12829 |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, Koena-Bev Holdings, Inc., Liran Reingold, and Frank Cid, by and through their attorneys CASSIDAY SCHADE LLP, and in answer to Plaintiff, STEPHEN SOMERS's Complaint at Law, states as follows:

### NATURE OF ACTION

1. This action is brought under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., and seeks further relief pursuant to the Attorney's Fees in Wage Actions Act, 705 ILCS 225/1.

**ANSWER: Defendants deny the allegations contained in Paragraph 1, as they call for a legal conclusion.**

### JURISDICTION AND VENUE

2. Jurisdiction is proper in this court pursuant to 735 ILCS 5/2-209 because (a) defendant committed a statutory breach within Illinois, and (b) defendant conducts business within Illinois.

**ANSWER: The allegations within Paragraph 2 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every allegation of Paragraph 2.**

3. Venue is proper in this Judicial Circuit pursuant to 735 ILCS 5/2-101 because the defendant is deemed to be a resident of this Judicial Circuit pursuant to 735 ILCS 5/2-102(a) since it maintains a registered office within this Judicial Circuit, and because the conduct complained of in this action occurred in this Judicial Circuit.

**ANSWER: Defendants deny the allegations contained in Paragraph 3, as they call for a legal conclusion.**

**PARTIES**

4. Plaintiff Stephen Somers is an Illinois resident who resides in Chicago, Illinois, Illinois. Stephen Somers was an employee of Koena-Bev Holdings, Inc, for 92 days, from June 24, 2024, to September 23, 2024.

**ANSWER: Defendants lack sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, presently deny the same.**

5. Defendant Koena-Bev Holdings, Inc, is a Delaware corporation and subject to the laws of Illinois. Defendant Koena-Bev Holdings, Inc., is currently has Plaintiff Stephen Somers listed as its registered agent in Illinois., and maintains a registered agent for purposes of accepting service of process at Plaintiff's home address.

**ANSWER: Defendants admit only that Koena-Bev Holdings, Inc. is a Delaware corporation. Further responding, Defendants deny the remaining allegations of Paragraph 5.**

6. Defendant Koena-Bev Holdings, Inc, is an "employer" within the meaning of the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 and 115/13.

**ANSWER: Defendants deny the allegations contained in Paragraph 6, as they call for a legal conclusion.**

7. Defendant Liran Reingold is the Chief Executive Officer of Yeyo Tequila, a subdivision of Defendant Koena-Bev Holdings, Inc. On information and belief, Defendant Liran

Reingold is a resident of West Hills, California, and the conduct he engaged in relevant to this complaint occurred in Chicago, Illinois.

**ANSWER: Defendants deny the allegations of Paragraph 7.**

8. Defendant Frank X. Cid, on information and belief, is the owner and majority shareholder of Defendant Koena-Bev Holdings, Inc., and was deeply involved in the operations of Yeyo Tequila. On information and belief, Defendant Cid X. Frank is a resident of Palm Spring, Florida, and the conduct he engaged in relevant to this complaint occurred in Chicago, Illinois.

**ANSWER: Defendants deny the allegations of Paragraph 8.**

**FACTS**

9. Plaintiff Stephen Somers worked as a full-time employee of Defendant Koena-Bev Holdings, as Chief Executive Officer of Yeyo Tequila, a division of Defendant Koena-Bev Holdings,-from June 24, 2024, through September 23, 2024. Plaintiff worked for Defendant for 92 days.

**ANSWER: Defendants admit the allegations of Paragraph 9.**

10. At the time of Plaintiff Stephen Somers' termination, he accumulated approximately 20 hours of unused vacation pay. Defendant Koena-Bev Holdings was and is obligated to pay Plaintiff Stephen Somers for his unused vacation pay.

**ANSWER: Defendants deny the allegations of Paragraph 10.**

11. Plaintiff Stephen Somers's hourly gross income was $110.30. Thus, his 20 hours of unused vacation pay has the monetary equivalent of $2,206 (less appropriate withholdings, if any).

**ANSWER: The allegations within Paragraph 11 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every allegation of Paragraph 11.**

12. At the time of his termination, Plaintiff Stephen Somers was owed $4,332.08 in approved but unreimbursed business expenses.

**ANSWER: Defendants deny the allegations of Paragraph 12.**

13. Plaintiff Stephen Somers was terminated without cause on September 23, 2024, via a phone call at approximately 9:30 a.m Central time. Plaintiff Stephen Somers worked approximately 3 hours on that day prior to his termination.

**ANSWER: Defendants deny the allegations of Paragraph 13.**

14. Pursuant to Plaintiff Stephen Somers' Employment Agreement with Defendant Koena-Bev Holdings, attached as Exhibit A. Defendant Koena-Bev Holdings, Inc., was to receive equity in Defendant Koena-Bev Holdings and Plaintiff Stephen Somers a severance of 90 days wages, provided he was terminated without cause after 90 days of employment. See Exhibit A.

**ANSWER: Defendants admit that Plaintiff's Offer Letter is attached as Exhibit A. Further answering, Defendants state that the terms of Exhibit A speak for themselves. Further answering, the remaining allegations within Paragraph 14 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every remaining allegation of Paragraph 14.**

15. At all relevant times, Illinois has had in force a statute titled the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., which defines compensation to include the monetary equivalent of earned vacation and earned holidays.

**ANSWER: Defendants admit the existence of the statute but deny its applicability.**

16. Plaintiff Stephen Somers was an "employee" as defined in the Wage Payment and Collection Act, and Defendant Koena-Bev Holdings was an "employer" as defined in the Wage Payment and Collection Act. The cash value of Plaintiff Stephen Somers' unpaid but accrued vacation pay, approved but unreimbursed business expenses, vested equity, and severance constitutes "wages" and/or "final compensation" under the terms of the Illinois Wage Payment

and Collection Act. As such, Plaintiff Stephen Somers is entitled to receive that amount from Defendant Koena-Bev Holdings.

**ANSWER: The allegations within Paragraph 16 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every allegation of Paragraph 16.**

17. The Illinois Wage Payment and Collection Act further mandates that every employer must pay the final compensation of separated employees in full at the time of separation, if possible, but in no case later than the next regularly scheduled pay day for such employee. 820 ILCS 115/5.

**ANSWER: Defendants deny the allegations contained in Paragraph 17, as they call for a legal conclusion.**

18. Defendant Koena-Bev Holdings did not pay Plaintiff Stephen Somers for the value of his accrued but unpaid vacation pay within the time period specified in 820 ILCS 115/5.

**ANSWER: The allegations within Paragraph 18 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every allegation of Paragraph 18.**

19. Following his termination from Defendant Koena-Bev Holdings, Plaintiff Stephen Somers demanded, in writing, that Defendant Koena-Bev Holdings pay him the cash value of his unused vacation pay, approved but unpaid business expenses, vested equity, and severance. Specifically, on October 22, 2024, counsel for Plaintiff attorneys wrote a letter to all Defendants outlining the basis for Plaintiff's claims claim and the precise amount sought to resolve these claims.

**ANSWER: Defendants admit the existence of the letter. Further responding, the remaining allegations within Paragraph 19 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every remaining allegation of Paragraph 19.**

20. Defendants failed to respond to the letter from Plaintiff's counsel.

**ANSWER: Defendants deny the allegations of Paragraph 20.**

21. The Wage Payment and Collection Act states that deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) made by a municipality (under circumstances not applicable here); (6) made by a housing authority in a municipality (under circumstances not applicable here); or (7) the result of an excess payment made due to, but not limited to, a typographical or mathematical error made by a municipality. 820 ILCS 115/9.

**ANSWER: Defendants deny the allegations contained in Paragraph 21, as they call for a legal conclusion.**

22. Indeed, Defendant Koena-Bev Holdings was specifically notified by counsel for Plaintiff in his letter of October 22, 2024 that the law does not allow Defendant Koena-Bev Holdings to withhold Plaintiff's final compensation.

**ANSWER: Defendants admit the existence of the letter. Further responding, the remaining allegations within Paragraph 22 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every remaining allegation of Paragraph 22.**

23. Defendant Koena-Bev Holdings has no legal basis for its refusal to pay Plaintiff Stephen Somers the compensation he earned and which is due and owing to him by Defendant Koena-Bev Holdings.

**ANSWER: The allegations within Paragraph 23 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every allegation of Paragraph 23.**

24. Defendant Koena-Bev Holdings, Inc.'s refusal to pay Plaintiff Stephen Somers the amounts due and owing him is vexatious, harassing, and in bad faith.

**ANSWER: Defendants deny the allegations of Paragraph 24.**

24. [sic] Defendants Liran Reingold, and Frank X. Cid are officers or agents of Defendant Koena-Bev Holdings, Inc., who have knowingly permitted Defendant Koena-Bev Holdings, Inc., to violate the provisions of the Wage Payment and Collection Act. Defendants Liran Reingold, and Frank X. Cid are therefore personally liable for the amount Defendant Koena-Bev Holdings, Inc., has refused to pay Plaintiff Stephen Somers in violation of the Wage Payment and Collection Act.

**ANSWER: The allegations within the second Paragraph 24 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every allegation of the second Paragraph 24.**

25. Illinois has in force an act entitled Attorney's Fees in Wage Actions Act, 705 ILCS 225/1, which states in part that where an employee prevails in an action for wages earned, the court shall allow the plaintiff a reasonable attorney's fee.

**ANSWER: Defendants admit the existence of the statute but deny its applicability.**

26. Stephen Somers is entitled to attorney's fees and costs associated with this action pursuant to the Attorney's Fees in Wage Actions Act, 705 ILCS 225/1.

**ANSWER: Defendant deny the allegations of Paragraph 26.**

27. In addition to the amount of wages and/or final compensation Defendant Koena-Bev Holdings, Inc., owes Stephen Somers as a result of its failure to pay him for his accrued but unused vacation pay, severance, and approved but unreimbursed business expenses, as well as attorney's fees and costs incurred as a result of Defendant Koena-Bev Holdings, Inc.'s actions Plaintiff Stephen Somers is also entitled to punitive damages in an amount in excess of $250,000 to be determined by the trier of fact because:

(a) Defendants have knowingly and willfully refused to pay wages and/or final compensation which is due and owing to Plaintiff Stephen Somers in violation of the Illinois Wage Payment and Collection Act;

(b) Violation of the Illinois Wage Payment and Collection Act is not only an intentional tort, but violation of that Act constitutes a criminal violation of the laws of this state as well, (820 ILCS 115/14); and

(c) Defendants' refusal to pay Plaintiff Stephen Somers his rightful final compensation was and is a deliberate attempt to annoy, harass, oppress, and intimate Plaintiff Stephen Somers—who does not have the financial and legal resources that Defendant Koena-Bev Holdings , Inc., has at its disposal—into abandoning a legal right which he has properly asserted (i.e. to be paid the compensation by his employer which, by all accounts, he has earned and which is due and owing pursuant to the Illinois Wage Payment and Collection Act).

**ANSWER: Defendants deny the allegations of Paragraph 27 and subparts (a)-(c), inclusive.**

28. This lawsuit was filed more than 10 days after Plaintiff Stephen Somers' written demand to Defendant Koena-Bev Holdings, Inc., for payment of the unused vacation pay, severance, and approved but unpaid business expenses that are due and owing to him, which written demand was sent on October 22, 2024.

**ANSWER: The allegations within Paragraph 28 are the pleader's conclusions of law and evidence and, therefore, Defendants deny each and every allegation of Paragraph 28.**

WHEREFORE the Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, deny that Plaintiff is entitled to any judgment whatsoever against them and further pray for an order entering judgment in their favor and against the Plaintiff and for all other relief this Court deems proper and just.

**JURY DEMAND**

Defendants Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid demand a trial by jury on all issues triable herein.

## AFFIRMATIVE DEFENSES

Now Comes Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, by and through their attorney, Kevin H. Young of CASSIDAY SCHADE LLP, and for their Affirmative Defenses to Plaintiff's Complaint at Law, state as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Waiver)

1. Plaintiff's claims are barred in whole or in part because he waived his right to collect the alleged compensation by his own actions.

WHEREFORE, Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, request judgment in their favor and against Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff's claims are barred in whole or in part because his Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, request judgment in their favor and against Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE
### (Mitigation)

1. Plaintiff's claims are barred in whole or in part to the extent that they have failed to mitigate damages or otherwise avoid harm.

WHEREFORE, Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, request judgment in their favor and against Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE
### (For Cause Termination)

1. Plaintiff's claims are barred in whole or in part in that he was terminated for cause.

WHEREFORE, Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, request judgment in their favor and against Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

1. Plaintiff's claims are barred in whole or in part because Defendants have at all times acted in good faith and have had reasonable grounds for believing that any alleged acts and omissions were not a violation of the alleged statutes.

WHEREFORE, Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, request judgment in their favor and against Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

1. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

WHEREFORE, Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, request judgment in their favor and against Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Procedural Requirements)**

1. Plaintiff's claims are barred in whole or in part because he has failed to comply with the procedural requirements for maintaining this action.

WHEREFORE, Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, request judgment in their favor and against Plaintiffs.

**EIGTH AFFIRMATIVE DEFENSE**
**(De Minimis)**

1. Plaintiff's claims are barred in whole or in part because the Defendants' alleged acts or omissions, if any, and the alleged damages claimed as a result are *de minimis*.

WHEREFORE, Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, request judgment in their favor and against Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

1. Plaintiff's claims are barred in whole or in part because Plaintiff is estopped by his own conduct from claiming any damages or relief against Defendants.

WHEREFORE, Defendants, Koena-Bev Holdings, Inc., Liran Reingold and Frank Cid, request judgment in their favor and against Plaintiffs.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Kevin H. Young
One of the Attorneys for Koena-Bev Holdings, Inc., Liran Reingold, and Frank Cid

Brandon J. Kroft (ARDC No. 6270115)
Michael J. Mullen (ARDC No. 6182941)
Kevin H. Young (ARDC No. 6321770)
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
bkroft@cassiday.com
mmullen@cassiday.com
kyoung@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to all attorneys of record in this case.

/s/ Kevin H. Young

13078722